**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | **CASE NO. 1:20 CV 669** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **APRIL 2, 2020 HEARING MINUTES** |
| | ) | **and** |
| **OBERLIN COLLEGE, et al.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

This case is before the Court upon Plaintiff John Doe's Ex Parte Motion for Temporary Restraining Order ("TRO"), **Doc #: 1-2**, and Motion for Reconsideration of the Court's Expressed Intention to Dismiss Plaintiff's Claims and to Deny Plaintiff's Motion for a Temporary Restraining, **Doc #: 4**. For reasons articulated below and on the record, the Court **DENIES** both Motions, dismisses the federal due process claim **ON THE MERITS**, and dismisses without prejudice the remaining state and federal claims as **PREMATURE**.

**I.**

On March 20, 2020, Plaintiff John Doe filed in state court a Verified Complaint and Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction against Defendants Oberlin College and Rebecca Moseley, Oberlin's Title IX Coordinator. Respectively, Doc ##: 1-1, 1-2. Doe, who is the subject of a coed's sexual misconduct report, challenges Oberlin College's Sexual Misconduct Policy, contending that the Policy's procedures, and the school's implementation of those procedures, are notoriously unconstitutional and discriminatory toward males. Consequently, he alleges claims for selective enforcement and erroneous outcome

under Title IX of the Education Amendments of 1972, a procedural due process claim in violation of 42 U.S.C. § 1983, and state law claims for breach of contract, breach of the covenant of good faith and fair dealing, negligence and promissory estoppel.

On March 31, 2020, Defendants removed the case to federal court based on the Court's federal question jurisdiction over the federal claims and supplemental jurisdiction over the state law claims. Doc #: 1. After reviewing the Verified Complaint and the Motion for Temporary Restraining Order, the Court held a teleconference on Wednesday, March 31, 2020 with Plaintiff's Counsel Larry Zukerman and Michael Lear and Defendants' Counsel David Wallace and Cary Snyder. After discussions, the Court announced that it was going to deny the Motion for TRO and dismiss the case without prejudice.

However, on April 1, 2020, before the Court issued a formal ruling, Plaintiff filed a Motion for Reconsideration of the Court's Expressed Intention to Dismiss Plaintiff's Claims and to Deny Plaintiff's Motion for a Temporary Restraining. Doc #: 4. Plaintiff also filed a Motion for Leave to file a First Amended Complaint Instanter, which request the Court summarily granted. Respectively, Doc #: 5 and 4/2/20 non-document order.

After reviewing the Motion for Reconsideration, the Court scheduled a tele-hearing[1] at 9:15 a.m. the next morning, April 2, 2020. Attending the April 2, 2020 hearing were Plaintiff John Doe and his counsel Larry Zukerman, Michael Lear, Brian Murray ad Adam Brown, along with Defendants Rebecca Mosely and Oberlin's representative Donica Varner and their counsel David Wallace and Cary Snyder.[2]

---

[1] Due to the COVID-19 pandemic and the Court's General Order 2020-5-1, all civil hearings that can be held telephonically must be so held.

[2] The hearing was recorded by Court Reporter Lance Boardman.

In response to the Court's questions, Counsel for Oberlin stated that the investigation is ongoing and has in fact been hampered by the COVID 19 pandemic since there are no students on campus at this time. Furthermore, the university has not yet determined whether there will be a hearing when the investigation is concluded. Oberlin's counsel stated that if the university decides to hold a hearing, the hearing can be held via videoconferencing if not in person, and the university will direct both the complainant and John Doe to appear. The Court observed that while Oberlin may direct both complainant and John Doe to appear at the hearing, Oberlin cannot compel their appearances; the Court noted, however, that adverse inferences may be drawn from such absences.

With respect to the procedural due process claim, the Court rejected John Doe's argument that Oberlin is a state actor based on its receipt of state and federal funding, and ruled that the due process claim does not apply because Oberlin College is a private university and not a state actor. Thus, the procedural due process claim is dismissed on the merits.

With regard to the Title IX claims, the Court ruled that they are premature because no hearing has been scheduled. Consequently, the Title IX claims are dismissed without prejudice.

With respect to the breach of contract claim, John Doe contended that all parties had previously agreed to handle this situation via informal resolution and that changing the agreed resolution from an informal to a formal format by the university constituted a breach of that agreement. The Court ruled that the breach of contract claim was premature. The Court also determined that John Doe's argument that the College's handling of this matter was negligent was also premature. In sum, the Court dismissed all state law claims without prejudice as premature.

**II.**

Based on the foregoing, the Court **DENIES** the Motions for TRO and Reconsideration for the reasons discussed above. **Doc ##: 1-2, 4**. The Court dismisses the federal procedural due process claim on the merits. All other state and federal claims are dismissed without prejudice as premature.

**IT IS SO ORDERED.**

           */s/ Dan A. Polster      April 7, 2020*
           **Dan Aaron Polster**
           **United States District Judge.**