IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | Case No. 1:20-cv-0669 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| OBERLIN COLLEGE, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**I.     Introduction**

This case involves a sexual misconduct investigation by Defendants resulting in Plaintiff's favor.  Before Defendants' investigation was concluded, Plaintiff filed a lawsuit against Oberlin College, its Board of Trustees and its Title IX Director, Rebecca Mosely. Despite the subsequent favorable outcome, Plaintiff continues to pursue his claims for Title IX selective enforcement, breach of contract and negligence against Defendants.  Because his complaint states plausible claims for a Title IX selective enforcement violation and breach of contract, the Court DENIES Defendants' motion for judgment on the pleadings on those claims. However, Defendants are entitled to judgment on Plaintiff's remaining claims.  As further explained below, the Court GRANTS, in part, and DENIES, in part, Defendants' motion for judgment on the pleadings.  ECF Doc. 18.

## II. Statement of Facts

This case involves a female college student ("Roe") reporting Plaintiff's alleged sexual misconduct to her volleyball coach in December 2019. In February 2020, after classes had resumed for the spring 2020 term, Oberlin notified Plaintiff of Roe's allegations against him. In response, Plaintiff hired a private investigator and complained that Roe was defaming his character to other students. Initially, Roe had requested an informal review process but, sometime after being questioned by Plaintiff's investigator, Roe requested Oberlin conduct a formal review.

In March 2020, Plaintiff filed this lawsuit. After completing the investigation of Roe's complaint in July 2020, Oberlin found that Plaintiff had not violated the school's Sexual Misconduct Policy. Accordingly, Plaintiff's college transcript does not show any record of Roe's allegations or the school's investigation. Nonetheless, Plaintiff continues to pursue his Title IX selective enforcement claim against Defendants. He also argues that he has asserted a valid breach of contract claim and negligence claim against them.

## III. Procedural History

Defendants removed this lawsuit from state court on March 30, 2020. ECF Doc. 1. Plaintiff's lengthy verified complaint stated seven causes of action: 1) violation of Title IX – erroneous outcome against Oberlin; 2) violation of Title IX – selective enforcement against Oberlin College; 3) § 1983 claim for procedural due process against all defendants; 4) breach of contract; 5) breach of the covenant of good faith and fair dealing; 6) negligence; and 7) promissory estoppel. ECF Doc. 1. At the time Plaintiff filed his complaint, Oberlin's investigation was ongoing. Plaintiff was granted leave to file an amended complaint on April 2, 2020. See ECF Doc. 5-1.

On April 7, 2020, the Court dismissed Plaintiff's federal due process claim (Third Cause of Action) on the merits and dismissed Plaintiff's remaining claims without prejudice because they were premature. ECF Doc. 6. Plaintiff appealed. On March 9, 2023, the Sixth Circuit Court of Appeals affirmed the dismissal of Plaintiff's due process claim and also dismissed, as moot, his Title IX claim for erroneous outcome. The Sixth Circuit remanded Plaintiff's remaining five causes of action to this Court. ECF Doc. 14.

On April 6, 2023, Defendants moved for judgment on the pleadings on Plaintiff's five remaining claims. ECF Doc. 18. Defendants also argue that Plaintiff cannot state a valid claim against its "Board of Trustees" because this is not a legal entity that can be sued. Plaintiff filed a brief in opposition on May 8, 2023, but he only responded on three causes of action — his claim for selective enforcement under Title IX, his breach of contract claim, and his negligence claim. ECF Doc. 21. Thus, it appears he is abandoning his claims for breach of a covenant for good faith and fair dealing (fifth cause of action) and promissory estoppel (seventh cause of action). Plaintiff also failed to respond to Defendants' argument that the Board of Trustees cannot be sued as a legal entity. Defendants filed a reply on May 22, 2023. ECF Doc. 22.

**IV.     Standard of Review**

The same standard for deciding a Rule 12(b)(6) motion to dismiss applies to a Rule 12(c) motion for judgment on the pleadings. *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). A 12(b)(6) motion tests the sufficiency of the complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x. 362, 364 (6th Cir. 2014). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "All well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal quotation marks and citation omitted).

V.     Law & Analysis

    A.     **Title IX – Selective Enforcement Claim**

To state a Title IX selective enforcement claim, Plaintiff must allege that he was in a "similar situation" as another student, but was treated differently than that student because of his sex. *Mallory v. Ohio University*, 76 F. App'x. 634, 641 (6th Cir. 2003). To establish that the two parties are similarly situated, the parties must show that relevant aspects of the situation are "nearly identical" to each other. *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994); *Doe v. Oberlin College*, 60 F.4th 345, 356 (6th Cir. 2023). In other words, to establish that the two students are similarly situated, Plaintiff must show that relevant aspects of his situation are nearly identical to that of another student.

Plaintiff's complaint alleges that, because he and Roe were both intoxicated at the time of the incident, Oberlin should have initiated proceedings under its Sexual Misconduct Policy against both of them. ECF Doc. 5-1, ¶ 281. Plaintiff alleges that Defendants failed to do so because of his gender. *Id*. In *Doe v. Miami University,* the Sixth Circuit held that the defendant university had an obligation to conduct a Title IX investigation of both parties because they were both intoxicated at the time of the alleged incident. 882 F.3d 579, 591-593 (6th Cir. 2018). Subsequently, a district court applying *Miami University* held that that a university's failure to investigate both intoxicated parties under Title IX could potentially support a selective

4

enforcement claim. *Gischel v. University of Cincinnati*, 2018 WL 9944971, at *2 (S.D. Ohio 2018). However, in *Miami University* the plaintiff had asserted a *deliberate indifference* claim, not one for selective enforcement. *Miami University,* 882 F.3d at 593. Thus, the *Gischel* court's application of *Miami University* may not even apply to Plaintiff's claim.

In *Mallory v. Ohio University*, a case involving a *selective enforcement* claim, the plaintiff argued that, because both he and his accuser were intoxicated, they were similarly situated. *Mallory v. Ohio University*, 76 F. App'x 634, 640-641 (6th Cir. 2003). The court disagreed because plaintiff's accuser had been far more intoxicated than plaintiff. Due to their different levels of intoxication, the court found the parties were not similarly situated for purposes of a selective enforcement claim under Title IX. *Id.*

Here, Plaintiff's amended complaint does not allege he was so drunk he could not remember what happened between him and Roe. Conversely, Roe *has* alleged she is unable to fully recall the events leading to her sexual misconduct claim. ECF Doc. 5-1, ¶¶ 161-163, 193, 196. Consequently, Doe's case is likely more similar to *Mallory* than *Gischel*.

However, at this stage, the Court need only determine whether Plaintiff has sufficiently alleged a plausible claim after assuming all the facts in the amended complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). And Plaintiff has met this relatively low burden. Plaintiff's Complaint alleges that Roe believed Plaintiff was also intoxicated. ECF Doc. 5-1, ¶¶ 193–195. If Plaintiff can show that he and Roe were equally intoxicated and that he was treated differently from Roe based solely on his gender, his claim will most likely survive summary judgment. *Pierce*, 40 F.3d at 802. Because Plaintiff

has stated a plausible claim for selective enforcement of Oberlin's Sexual Misconduct Policy under Title IX, Defendants' 12(c) motion must be denied on this claim.

In addition, Plaintiff alleges his retaliation claim against Roe was not investigated due to his gender, constituting an additional occurrence of selective enforcement. ECF Doc. 5-1, ¶ 282. This part of Plaintiff's selective enforcement claim is subject to the same standard of review—Plaintiff must allege he was treated differently than a similarly situated female on account of his gender. *Mallory*, 76 F. App'x. at 641; *Oberlin College*, 60 F.4th at 356. It does not appear that Plaintiff's amended complaint alleges that Oberlin investigated a retaliation claim from a similarly situated female while denying Plaintiff the same investigation on account of his sex. Thus, this portion of his selective enforcement claim is dubious. It will be necessary for Plaintiff to identify a similarly situated female student to avoid summary judgment. However, because the Court is denying Defendants' motion for judgment on the pleadings on this claim, Plaintiff may be able to identify such a similarly situated female student during the discovery process and avoid summary judgment.

While Plaintiff has stated a plausible claim for selective enforcement, the Court recognizes his damages will likely be limited to those that are recoverable under his breach of contract claim. In *Cummings v. Premier Rehab Keller*, the Supreme Court determined that federal funding recipients have not consented to emotional distress damages as a result of the federal Spending Clause statutes, such as Title IX. 142 S. Ct. 1562, 1569–1570, 1572, 212 L. Ed. 2d 552 (2022) (holding that the plaintiff could not recover emotional distress damages for potential violations of the Rehabilitation Act of 1973 and the Affordable Care Act). Rather, the only economic damages available for Title IX claims are those traditionally available under

6

breach of contract actions. *Id.*, at 1571. As a result, Doe will not be able to recover any damages for emotional distress under his Title IX selective enforcement claim.

Viewing Plaintiff's amended complaint in a light most favorable to him, the Court finds he has stated a plausible Title IX selective enforcement claim. Plaintiff and Roe may have been similarly situated if they were equally intoxicated when the alleged sexual misconduct took place. Alternatively, Plaintiff may be able to identify a similarly situated student who reported retaliation and was treated differently by Defendants due to her gender. Under the plausibility standard outlined by *Iqbal* and *Winget*, Plaintiff's Title IX claim for selective enforcement survives the Court's review under Fed. R. Civ. P. 12(c).

### B. Breach of Contract Claim

Plaintiff has also attempted to state a claim for breach of contract. To assert a breach of contract claim, Plaintiff must allege that there is "(1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach." *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012) (holding that the plaintiff's allegations of an ambiguous contract under Ohio law were sufficient to prevent summary judgment). To avoid dismissal, Plaintiff must plead facts supporting each element of his breach of contract claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Plaintiff alleges that Oberlin's Sexual Misconduct Policy created an implied contract between Oberlin and Plaintiff. ECF Doc. 5-1, ¶¶ 309–310. The contract, according to Plaintiff, was created by his acceptance of an offer of admission by Oberlin and the payment of tuition, fees, and/or room and board as consideration. ECF Doc. 5-1. ¶ 311. Plaintiff alleges that Oberlin breached the contract when it failed to comply with its Sexual Misconduct Policy. ECF Doc. 5-

7

1, ¶¶ 312-313. In addition, he alleges that Oberlin's failure to follow the implied agreement to engage in informal resolution constituted an additional breach of contract. ECF Doc. 5-1, ¶ 314. Plaintiff has also alleged damages, some of which are appropriate under his breach of contract claim.[1] ECF Doc. 5-1, ¶ 318.

After accepting all of Plaintiff's allegations as true, the Court finds he has sufficiently stated a breach of contract claim. While breach of contract claims against educational institutions are subject to limitations, "a student may raise breach of contract claims arising from a university's alleged failure to comply with its rules governing disciplinary proceedings." *Anderson v. Vanderbilt University*, 450 F. App'x. 500, 502 (6th Cir. 2011). Courts have held that violations of sexual misconduct policies by universities may be litigated under a breach of contract claim. *Doe v. Northern Michigan University,* 393 F. Supp. 3d 683, 699 (W.D. Mich. 2019), citing *Anderson v. Vanderbilt Univ.*, 450 F. App'x 500, 502 (6th Cir. 2011) (holding that the defendants' breach of the school's Sexual Misconduct Policy by failing to advise the plaintiff of his right to an attorney qualified as a breach of contract claim). Because Plaintiff has alleged facts stating the basic elements of a breach of contract claim, the Court denies Defendants' motion for judgment on the pleadings on this claim.

C. **Negligence Claim**

Finally, Plaintiff has attempted to assert a negligence claim against all Defendants. To state a negligence claim, Plaintiff must allege "(1) the existence of a duty, (2) breach of the duty, and (3) an injury proximately resulting from the breach." *V & M Star Steel*, 678 F.3d at 465-466. To survive a Rule 12(c) motion, Plaintiff's "complaint must contain sufficient factual matter,

---

[1] Plaintiff alleges he has sustained damages including "emotional distress, loss of educational and career opportunities, reputational damages, economic injuries and other direct and consequential damages." ECF Doc. 5-1 at 318. Some of his damages, such as emotional distress, are not recoverable on a breach of contract claim.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendants argue that Plaintiff is not entitled to proceed on both his breach of contract claim and his general negligence claim. Under Ohio law, the filing of a contract action generally excludes the right to present the same claim as a tort. *Wolfe v. Cont'l Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981). The Sixth Circuit has applied this principle in the context of a university and its students. *See Valente v. Univ. of Dayton*, 438 F. App'x 381 (6th Cir. 2011), citing *Bleicher v. Univ. of Cincinnati Coll. of Med.*, 78 Ohio App. 3d 302, 604 N.E.2d 783, 787-788 (Ohio Ct. App. 1992).

Plaintiff does not respond to this argument. His response states only that his amended complaint "clearly sets forth a plausible cause of action for Defendant Mosely's negligence." ECF Doc. 21 at 15. This is not enough. Plaintiff has not explained how his negligence claim is independent from his breach of contract claim, and he cannot proceed on both. Because Plaintiff's negligence claim appears to be based on the same facts as his breach of contract claim, and because he has not responded to Defendants' argument on the negligence claim, Defendants are entitled to judgment on the pleadings on this claim.

## VI. Conclusion

Because Plaintiff's claims for Title IX selective enforcement and breach of contract are plausible on their face, the Court DENIES Defendants' motion for judgment on the pleadings on those claims. However, Plaintiff's negligence claim is not plausible on its face, and he has abandoned his claims for breach of a covenant for good faith and fair dealing and promissory estoppel. He has also abandoned his claims against Oberlin's Board of Trustees because they are not a legal entity. The Court GRANTS Defendants' motion for judgment on the pleadings on the

negligence, breach of a covenant for good faith and fair dealing and promissory estoppel claims. The Zoom status conference scheduled for July 13, 2023 at 9:30 a.m. is CONFIRMED. All counsel and parties are required to participate.

    IT IS SO ORDERED.

Dated: June 16, 2023

                                                *s/Dan Aaron Polster*
                                                United States District Judge