IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:20-cv-00669-DAP |
| | ) |
| v. | ) JUDGE DAN AARON POLSTER |
| | ) |
| OBERLIN COLLEGE, | ) |
| | ) STIPULATED PROTECTIVE ORDER |
| Defendant. | ) |
| | ) |

The parties to this Stipulated Protective Order ("Order") have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **FERPA.** This case involves disputed claims under Title IX and other causes of action alleging discriminatory treatment of a former student at Oberlin College ("Defendant"). The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g establishes protections for certain education records and permits the Department of Education to deny federal funding to a school system that does not comply with its provisions. Based on the nature of the allegations in this case, and subject to the terms hereof, there is good cause for Defendant

to comply with its discovery obligations under Rule 26 and provide the student names and educational records relevant to any claim or defense in this case, as reasonably determined, following compliance with the notification requirements mandated by FERPA.

3. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation. A party may designate electronic documents produced in a native format as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by including in the file name an indication that the file contains confidential information or by indicating in the header, footer, or other unobtrusive location on the document that it is confidential. Documents shall be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

4. **Documents Which May Be Designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."** A party may designate documents as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" upon making a determination that the documents may contain sensitive information, including information protected from disclosure by FERPA or other statute, or that should be protected from disclosure as confidential personal information, medical or psychiatric information, or such other sensitive information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

**5.** **Depositions.** Deposition and other pretrial testimony shall be deemed "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Designations of deposition testimony as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be made either: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice sent to counsel for the parties within ten business days after receiving a copy of the transcript. Thereafter, transcripts, exhibits, and other pretrial testimony shall be protected according to the specific designations as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," pending objection, under the terms of this Order.

**6.** **Protection of Materials Designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."**

**(a)** **General Protections**. Documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and prepare for trial in this action, including any appeal or settlement thereof. Nothing in this Order limits a party's use or disclosure of its own documents or information.

**(b)** **Limited Third-Party Disclosures of Documents Designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**." The parties and counsel for the parties shall not disclose or permit the disclosure of any "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" documents to any third person or entity except as set forth in subparagraphs (1)–(5). Subject to these requirements, the following categories of persons may be

allowed to review documents that have been designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER":

  **(1)**   **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

  **(2)**   **Parties, Authors, and Witnesses.** Parties and employees of a party to this Order; authors, recipients, and custodians of the document; and witnesses to be examined at deposition, hearing, or trial regarding the document;

  **(3)**   **Court, Court Reporters and Recorders, and Mediators/Facilitators.** The Court and its personnel, Court reporters and recorders engaged for depositions, and mediators or facilitators jointly agreed to by the parties;

  **(4)**   **Consultants, Investigators, and Experts.** Consultants, investigators, and experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

  **(5)**   **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)**   **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their

obligations under this Order for a period of one year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

      **(d)**     **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy or as otherwise designated under Paragraph 3. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

      **(e)**     **Inadvertent Failure to Designate.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not waive a party's right to later designate (or change the designation of) a document. A party shall not be deemed in violation of this Order for any use or disclosure of a document that was permitted under this Order prior to such later designation or re-designation.

      **7.**     **Filing of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents Under Seal.** To the extent that (i) a brief, memorandum, pleading, or other document for filing (a "Filing") contains an exhibit or references any document marked as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," (ii) or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" information is intertwined within the text of the Filing, the filing party may first consult with the party that originally designated the document as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to determine whether, with the

consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

Where agreement is not possible or adequate, and absent a court-granted exception, the filing party shall file a redacted version of the Filing on the public docket of this Court and shall provide courtesy copies of the unredacted Filing to the Court and counsel for the opposing party. Then, within ten days of the Filing, the party who designated the document(s) marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall file a motion with the Court for leave to maintain the redactions in the public version of the Filing and to file an unredacted version of the Filing under seal. Any opposition to such a motion for leave to maintain redactions and file under seal shall be filed 10 days after the motion, and any replies in support of a motion for leave shall be filed within 7 days after the opposition. If the Court denies the motion for leave to file under seal, then the filing party shall be permitted to file the unredacted version of the Filing on the Court's public docket and not under seal.

Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

8. **Use of Documents or Information Designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" documents or information derived therefrom, such party shall provide advance notice to the other party at least five days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

9. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents.** Within 30 days after dismissal or entry of final judgment not subject to further appeal, all documents treated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in 6(e), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain the following: a) a file copy of pleadings, motions, briefs, deposition testimony and exhibits, other hearing and trial testimony and exhibits, and appellate briefs and record on appeal; and b) attorney work product, including an index which refers or relates to information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. Such file copies and work product shall continue to be "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" documents.

7

**(c)** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

10. **Inadvertent Production of Privileged Material; Clawback.** To the fullest extent permitted under Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, the inadvertent production of a document or disclosure of information subject to a claim of attorney-client privilege, work-product protection, or any other privilege recognized by the Court shall not constitute a specific or subject-matter waiver of such privilege or protection as to that document or information, or any other document or information. Promptly upon discovering having made any such inadvertent disclosure, the disclosing party shall notify the receiving party in writing, or orally if on the record at a deposition, hearing, or other proceeding, requesting that such document or information be returned, sequestered, or destroyed, and the receiving party shall comply with that request and refrain from any use whatsoever of such document or information, without prejudice to the right to seek a judicial determination of the asserted privilege or protection.

11. **Order Subject to Modification.** This Order shall be subject to modification by the Court sua sponte or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by counsel

or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: 9/8/2023

_____
Judge Dan Aaron Polster

| **WE SO STIPULATE and agree to abide by the terms of this Order.** | **WE SO STIPULATE and agree to abide by the terms of this Order.** |

*/s/ Brian A. Murray*
Larry W. Zukerman (0029498)
S. Michael Lear (0041544)
Brian A. Murray (0079741)
Adam M. Brown (0092209)
**ZUKERMAN, LEAR & MURRAY CO. L.P.A.**
3912 Prospect Avenue East
Cleveland, Ohio 44115
(216) 696-0900 telephone
(216) 696-8800 facsimile
lwz@zukerman-law.com
sml@zukerman-law.com
bam@zukerman-law.com
amb@zukerman-law.com

*Attorneys for Plaintiff John Doe*

*/s/ David H. Wallace*
David H. Wallace (0037210)
dwallace@taftlaw.com
Cary M. Snyder (0096517)
csnyder@taftlaw.com
**TAFT STETTINIUS & HOLLISTER, LLP**
200 Public Square, Suite 3500
Cleveland, Ohio 44118
Phone: 216.241.2838
Fax: 216.241.3707

*Attorneys for Defendant Oberlin College*

PROTECTIVE ORDER
ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) CASE NO. 1:20-cv-00669-DAP |
| v. | ) JUDGE DAN AARON POLSTER |
| OBERLIN COLLEGE, | ) |
| Defendant. | ) STIPULATED PROTECTIVE ORDER |

ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

**[SIGNATURE PAGE TO FOLLOW]**

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Home Address: _____

_____

_____

Date: _____    Signature: _____